UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM CRESCENZO,

    Plaintiff,

v.                                        CASE NO. 8:25-cv-01542-SDM-TGW

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

_____/

**ORDER**

William Crescenzo sues (Doc. 1) State Farm Fire and Casualty Company, which moves (Doc. 12) to dismiss under Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure. Crescenzo responds. (Doc. 13)

**BACKGROUND**

In Georgia on November 11, 2023, a 2021 Mercedes G63 was stolen from the original owner. (Doc. 1-6) State Farm, the original owner's insurer, paid the owner for a total loss and took title to the Mercedes after the vehicle was recovered. (Doc. 1 at ¶ 8; Doc. 1-4) In a listing online, State Farm advertised the Mercedes as having a "clear" title but omitted the salvage history. (Doc. 1-3; Doc. 1 at ¶¶ 9–10)

On June 6, 2024, Cress Collision Services, purchased the Mercedes from State Farm for $157,235. (Doc. 1 at ¶ 12; Doc. 1-5; Doc. 1-7) A contemporaneous "Experian AutoCheck Report" states that the Mercedes had a "clean" title but was "Reported as Theft Recovery" on February 21, 2024. (Doc. 1 at ¶ 13; Doc. 1-6) State

Farm provided Cress a Georgia certificate of title showing no lien or encumbrance. (Doc. 1-7) Cress Collision Services transferred title in the Mercedes to Crescenzo.

When Crescenzo tried to register the Mercedes in Florida, the Department of Motor Vehicles refused to issue a clear title and explained that the Mercedes carried a salvage history reported by State Farm to the National Motor Vehicle Title Information System. (Doc. 1 at ¶ 18; Doc. 1-H) As a result, the Mercedes was branded as a salvage vehicle, a brand that voided the factory warranty and reduced the market value. (Doc. 1 at ¶¶ 19–21, 25)

Crescenzo sues under the Georgia Fair Business Practices Act (FBPA) O.C.G.A § 10-1-393(b)(5) and the Commercial Code. O.C.G.A § 11-2-312.

## DISCUSSION

### Rule 12(b)(1)

The complaint fails to establish Crescenzo's Article III standing because both the complaint and the attached exhibits show that Cress Collision Services, not Crescenzo, purchased the Mercedes from State Farm and received title to the vehicle. (Doc. 1-5; Doc. 1-7) Crescenzo was not a party to the sale and has failed to plead any facts establishing privity with Cress Collision Services. Any warranties by State Farm were to Cress, not Crescenzo. Because Crescenzo alleges no misrepresentation by State Farm to him, he lacks standing to sue under the FBPA. Accordingly, dismissal under Rule 12(b)(1), Federal Rules of Civil Procedure, is warranted. *See Fla. Ass'n of Med. Equip. Dealers v. Apfel*, 194 F.3d 1227, 1230 (11th Cir. 1999) (finding that

causation and redressability "must both be satisfied before a federal court may reach the merits of a case.").

### Rule 12(b)(6)

Both counts warrant dismissal under Rule 12(b)(6) because the complaint is internally inconsistent. Crescenzo simultaneously alleges that State Farm (1) "sold a car with clear title," (2) "sent the clear title to Cress," (3) falsely "represent[ed] . . . that it was selling a vehicle with clear title," and (4) "introduce[ed] into the marketplace, vehicles which did not have good title despite advertising that they had clear title." Applicable rules permit alternate and hypothetical allegations but not directly contradictory allegations.

Count I fails to state a claim under the FBPA, which applies only to "transactions affecting the general public." *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1375 (M.D. Ga. 2011). Crescenzo alleges only a single, discrete, private sale between State Farm and Cress Collision Services. *Tiismann*, 625 S.E.2d at 36 (holding that "deceptive or unfair" acts "would have no impact on the consumer marketplace unless the company routinely" acts deceptively or unfairly). A single, discrete, private transaction, the alleged misconduct falls outside the FBPA's scope. *Credithrift of Am., Inc. v. Whitley*, 380 S.E.2d 489, 491 (Ga. Ct. App. 1989).

Count II fails to state a claim for breach of warranty of title under the Georgia Commercial Code because the code requires only a title free of a competing security interest, lien, or encumbrance — not a title that is "non-salvage" or marketable at a premium price. See *Fritts v. Mid-Coast Trading Corp.*, 303 S.E.2d 148, 149 (Ga. Ct.

App. 1983) (citing *R.C. Craig, Ltd. v. Ships of the Sea, Inc.,* 345 F. Supp. 1066, 1074 (fn. 8) (S.D.Ga.1972). The certificate of title shows that State Farm transferred ownership of the vehicle to Cress without lien or encumbrance. (Doc. 1-7) Therefore, Crescenzo fails to plead breach of warranty. *Hudson v. Gaines*, 403 S.E.2d 852 (Ga. Ct. App. 1991).

## CONCLUSION

State Farm's motion to dismiss is **GRANTED**. No later than **NOVEMBER 7, 2025**, Crescenzo may amend the complaint.

ORDERED in Tampa, Florida, on October 17, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE