UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRESS COLLISION SERVICES, INC.,
et al,

    Plaintiffs,

v.

                                                  CASE NO. 8:25-cv-01542-SDM-TGW

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.
_____/

## ORDER

Cress Collision Services, Inc., and William Crescenzo sue (Doc. 27) State Farm Fire and Casualty Company, which moves (Doc. 33) to dismiss under Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure. The plaintiffs respond. (Doc. 34) An earlier order (Doc. 26) dismissed the original complaint with leave to amend.

## BACKGROUND

In Georgia on November 11, 2023, a 2021 Mercedes G63 was stolen from the original owner. (Doc. 1-6) State Farm, the original owner's insurer, paid the owner for a total loss and took title to the Mercedes after the vehicle was recovered. (Doc. 1 ¶ 8; Doc. 1-4) In a listing online, State Farm advertised the Mercedes as a theft recovery with "CLEAR" title. (Doc. 27 Ex. A)

On June 6, 2024, Cress, as Crescenzo's agent, purchased the Mercedes from State Farm for $157,235. (Doc. 1-5; Doc. 1-7; Doc. 27 ¶¶ 13–18) A contemporaneous

Experian AutoCheck report states that the Mercedes had a "clean" title but was "Reported as Theft Recovery" on February 21, 2024. (Doc. 1 ¶ 13; Doc. 1-6) State Farm provided Cress a Georgia certificate of title showing no lien or encumbrance. (Doc. 1-7) Cress Collision Services transferred title in the Mercedes to Cress, and Cress assigned the title to Crescenzo. (Doc. 27 Ex. E)

When Crescenzo tried to register the Mercedes in Florida, the Department of Motor Vehicles refused to issue a clear title and explained that the Mercedes carried a salvage history reported by State Farm to the National Motor Vehicle Title Information System. (Doc. 1 ¶ 18; Doc. 1-H) As a result, the Mercedes was branded as a salvage vehicle, a brand that voided the factory warranty and reduced the market value. (Doc. 1 ¶¶ 19–21, 25)

The plaintiffs sue under the Georgia Fair Business Practices Act (FBPA), O.C.G.A. § 10-1-393(b)(5), and the Georgia Uniform Deceptive Trade Practices Act (UDTPA), O.C.G.A. § 10-1-370 et seq., and assert claims for fraud, negligence, promissory estoppel, and unjust enrichment.

## DISCUSSION

### Rule 12(b)(1)

State Farm argues that Crescenzo lacks Article III standing because State Farm sold the Mercedes to Cress, not to Crescenzo, and that any representations were to Cress, not to Crescenzo. (Doc. 33 at 4–7) However, the amended complaint alleges that Crescenzo "engaged Cress Collision to act as his agent to secure a vehicle for his personal use" (Doc. 27 ¶ 6), that Cress purchased the Mercedes "on behalf

of" Crescenzo (Doc. 27 ¶¶ 14–18), and that Cress assigned the title to Crescenzo. (Doc. 27 Ex. E) The amended complaint alleges that State Farm's representations were "to Plaintiff Cress and to Crescenzo by means of representation to his agent." (Doc. 27 ¶ 41)

Because the amended complaint alleges a concrete economic injury to Crescenzo by State Farm's representations to his agent and by the later salvage report, each plaintiff establishes Article III standing.

## Rule 12(b)(6)

Each count warrants dismissal under Rule 12(b)(6) because the complaint is internally inconsistent, and each count individually fails to state a claim for relief.

### Internal Inconsistency

The amended complaint alleges, on the one hand, that:

- "The vehicle was advertised as having a clear title." (Doc. 27 ¶ 16)
- "State Farm issued a letter to the Department of Motor Vehicles to have a clear title only." (Doc. 27 ¶ 17)
- "Cress won the BID and Plaintiff paid $157,235 for a clear title vehicle." (Doc. 27 ¶ 18)
- "On 06/06/2024, State Farm sent the clear title to Cress Collision." (Doc. 27 ¶ 20)

Nonetheless, the plaintiffs allege that State Farm's "violations" include:

- "[R]epresenting to Plaintiff Cress and to Crescenzo by means of representation to his agent that it was selling a vehicle with clear title," "producing to Plaintiffs a clear title," and "subsequently issuing a salvage history." (Doc. 27 ¶ 41)
- "[R]epresenting that the subject 2021 Mercedes G63 had a clear title." (Doc. 27 ¶ 56)
- [A]dvertis[ing] and offer[ing] for sale a 2021 Mercedes G63 as having a 'clean/clear' title, furnish[ing] a clear Georgia title after the sale" (Doc. 27 ¶ 62)

- 3 -

- "[A]dvertising and conveying the vehicle as 'clear title,' issuing or causing issuance of documents representing a clean title, and reporting or causing the vehicle to be reported as salvage in NMVTIS after the sale." (Doc. 27 ¶ 72) and
- "[A]dvertising the vehicle as 'clean/clear title,' providing a premium AutoCheck reflecting no salvage history, issuing a June 6, 2024 clear title, and executing DMV paperwork reflecting a clean title." (Doc. 27 ¶ 77)

As with the original complaint, the amended complaint simultaneously alleges that State Farm delivered clear title and that State Farm misrepresented that the Mercedes would have clear title. Applicable rules permit alternative legal theories but not directly contradictory factual predicates for the same claim. The amended complaint never reconciles how a transaction in which State Farm delivered a certificate of clear title to the plaintiffs can support the claim that State Farm falsely promised to convey clear title.

Because the amended complaint rests on inconsistent factual allegations about whether State Farm conveyed clear title, each count fails.

Count I – Georgia Fair Business Practices Act

Count I fails to allege conduct within the scope of the FBPA, which regulates "transactions affecting the general public," but not an essentially private, one-off transaction between two parties. (Doc. 26 at 3) The Act "does not encompass suits based upon allegedly deceptive or unfair acts or practices which occur in an essentially private transaction," *Brown v. Morton*, 617 S.E.2d 198, 202 (Ga. Ct. App. 2005), and that "only transactions affecting the general public are regulated under the FBPA." *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1375 (M.D. Ga. 2011) (citing *Brown*); see also *Pryor v. CCEC, Inc.*, 571 S.E.2d 454 (Ga. Ct. App.

- 4 -

2002) (same). *Tiismann v. Linda Martin Homes Corp.* dismisses an FBPA claim in which the plaintiff challenged only a single home sale and explains that even a deceptive act "would have no impact on the consumer marketplace unless the company routinely" engaged in the activity. 625 S.E.2d 32, 36 (Ga. Ct. App. 2005). The amended complaint still alleges only a single sale of a single vehicle from State Farm to Cress. (Doc. 27 ¶¶ 13–21, 35–41) Although the plaintiffs cite an *Insurance Journal* article and an unrelated class action, those citations neither establish that State Farm "routinely" engaged in the challenged conduct nor otherwise convert this private sale into one affecting the consumer marketplace.

Also, the FBPA requires justifiable reliance on a material misrepresentation. *Zeeman v. Black*, 273 S.E.2d 910, 916 (Ga. Ct. App. 1980); *Credithrift of Am., Inc. v. Whitley*, 380 S.E.2d 489, 491 (Ga. Ct. App. 1989). Count I alleges no fact showing that either plaintiff justifiably relied on any misrepresentation. Clear title was issued and delivered to the plaintiffs as promised and each plaintiff was on notice of the fact that the Mercedes was a theft recovery.

The amended complaint fails both to bring the transaction within the FBPA's public-impact requirement and to establish that either plaintiff relied on a material misrepresentation. *See Marrale v. Gwinnett Place Ford*, 609 S.E.2d 659 (Ga. Ct. App. 2005)

### Count II – Georgia UDTPA

Count II requests injunctive and other relief under the Georgia UDTPA. The UDTPA authorizes injunctive relief only to a plaintiff "likely to be damaged" by a

deceptive trade practice. O.C.G.A. § 10-1-373(a). The plaintiff must show a likelihood of future harm, not only a past injury. *Amin v. Mercedes-Benz USA, LLC*, 301 F. Supp. 3d 1277, 1293 (N.D. Ga. 2018). A "hypothetical" future harm is insufficient. *Byung Ho Cheoun v. Infinite Energy, Inc.*, 363 F. Appx 691, 695 (11th Cir. 2010).

The amended complaint alleges only that Cress has "suffered ascertainable losses" including payment of the purchase price and transport costs. (Doc. 27 ¶ 59) The "loss of ability to resell the vehicle at market value" is contingent on a future decision to resell, the existence of a willing buyer, and a concrete offer below "market value." Because Count II alleges only a past loss and no likelihood of future harm to either plaintiff, Count II fails to state a claim under the UDTPA.

### Count III – Fraud

The amended complaint fails to allege a material misrepresentation. Georgia issued clear title, and State Farm transferred clear title to Cress. (Doc. 1-7; Doc. 27 Ex. E) The amended complaint concedes that the Mercedes was advertised as a theft recovery. (Doc. 27 ¶¶ 12–13, 16–20, 62)

To the extent the claim rests on State Farm's reporting to NMVTIS, the amended complaint similarly fails. The plaintiffs allege that State Farm reported the Mercedes as a total loss after the sale and that the plaintiffs discovered the salvage brand only when attempting to register the Mercedes in Florida. (Doc. 27 ¶¶ 22–24, 63) A later report to a third-party database cannot serve as a misrepresentation on which the plaintiffs justifiably relied when deciding to buy the Mercedes.

Count IV – Negligence

Count IV alleges that State Farm owed the plaintiffs duties arising from unspecified "reporting obligations under federal law" and from a supposed duty to ensure that its reporting practices did not harm the plaintiffs. (Doc. 27 ¶¶ 68–73) Without identifying a basis for either alleged duty, the plaintiffs' negligence claim fails. *Brookview Holdings, LLC v. Suarez*, 285 Ga. App. 90, 91 (2007).

Also, the damages alleged in Count IV are purely economic: the purchase price, transport costs, and diminished resale value. (Doc. 27 ¶ 73) The amended complaint alleges no personal injury and no property damage. Under these circumstances, negligence is not an appropriate claim for relief. *Chrysler Corp. v. Taylor*, 141 Ga. App. 671 (Ga. Ct. App. 1977).

Count V – Promissory Estoppel

Count V asserts promissory estoppel based on State Farm's "promise" that the Mercedes would have clear title. (Doc. 27 ¶¶ 76–81) The claim fails because the amended complaint alleges no unfulfilled promise.

The only identified "promise" is that the Mercedes would have clear title, and the amended complaint concedes that State Farm delivered clear title to Cress on June 6, 2024. (Doc. 27 ¶¶ 17–20; Ex. E) The complaint's theory is not that State Farm failed to deliver clear title, but that State Farm later reported the Mercedes as a total loss in NMVTIS, which in turn caused the Florida DMV to brand the Mercedes as salvage. (Doc. 27 ¶¶ 22–24, 63, 72, 77) That report does not retroactively convert a fulfilled promise (delivery of a clear title) into an unfulfilled one.

Because the amended complaint alleges that State Farm did exactly what it promised — sell the Mercedes and deliver a clear certificate of title — and alleges no other promise that State Farm failed to perform, Count V fails to state a claim for promissory estoppel.

Count VI – Unjust Enrichment

Count VI alleges that State Farm was unjustly enriched "by being compensated for a vehicle with clear title, when in reality it is a salvage vehicle." (Doc. 27 ¶¶ 82–87; Doc. 34 at 10–11) State Farm agreed to sell, and did sell, a theft-recovery vehicle with a clear certificate of title. The plaintiffs allege that State Farm received $157,235 and, in exchange, transferred the Mercedes and the clear certificate of title. (Doc. 27 ¶¶ 16–21; Ex. E) Those allegations describe a bargained-for exchange, not a benefit "unjustly" retained. Count VI fails to state a claim for unjust enrichment.

## CONCLUSION

State Farm's motion under Rule 12(b)(1) is **DENIED** and State Farm's motion under Rule 12(b)(6) is **GRANTED**. The amended complaint is **DISMISSED.** Because a future attempt to amend appears futile, the clerk must enter a judgment for the defendant and against the plaintiffs and must close the case.

ORDERED in Tampa, Florida, on December 2, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE